IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD GENE BLANTON, ) | |
| ID # 1307891, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:17-CV-383-B |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Leave to File a Motion to Recall Void Transferred 2254 Motion,* received on June 23, 2017 (doc. 29). Based on the relevant filings, evidence and applicable law, the filing should be construed as a Rule 59(e) motion to alter or amend the judgment and **DENIED**.

**I.  BACKGROUND**

Donald Gene Blanton (Petitioner) was convicted of possession of cocaine in Cause No. 23,078-86 and tampering with evidence in Cause No. 23,592-86 on June 29, 2005, in the 86th Judicial District Court of Kaufman County, Texas, and sentenced respectively to imprisonment for 20 years and for life. (doc. 1 at 4-5; *see also* www.tdcj.state.tx.us, search for petitioner). He challenged both convictions through several federal habeas petitions filed in this district which were either denied, transferred to the United States Court of Appeals for the Fifth Circuit as successive, or dismissed. *See Blanton v. State Court of Texas*, No. 17-CV-137-N (N.D. Tex. Feb. 17, 2017) (dismissing petition as successive); *Blanton v. Stephens*, No. 3:15-CV-3757-L (Mar. 16, 2016) (transferring petition as successive); *Blanton v. Thaler*, No. 3:08-CV-1081-O (N.D. Tex. Jan. 6,

2011) (denying petition challenging the conviction in Cause No. 23,078-86); *Blanton v. Quarterman*, No. 3:08-CV-941-B (N.D. Tex. Nov. 4, 2008) (denying petition challenging the conviction in Cause No. 23, 592-86).

On January 30, 2017, Petitioner filed another habeas petition under 28 U.S.C. § 2254 challenging these same convictions in the United States District Court for the Eastern District of Texas by order of a magistrate judge. (*See* doc. 1.) A United States Magistrate Judge in the Eastern District transferred the petition was transferred to this district. (*See* doc. 2.) The Court transferred it to the Fifth Circuit as a successive petition by judgment dated May 22, 2017. (*See* doc. 19.)

On June 14, 2017, Petitioner mailed his motion challenging the judgment in this case on grounds that the order transferring the case to this district was void because he did not consent to proceed before a magistrate judge or waive his right to proceed before a district judge. (*See* doc. 29.)

## II.  FED. R. CIV. P. 59(e)

Because Petitioner's motion challenges the judgment in this case and was mailed within 28 days of its entry,[1] it is properly construed as arising under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[2]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

[2] A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*

show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner argues that the order transferring the case to this district was void because he did not consent to proceed before a magistrate judge or waive his right to proceed before a district judge. A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. § 636(b)(a). Once designated, the magistrate judge may rule on non-dispositive matters without the consent of the parties. *See Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984). The transfer of a case to another court is a non-dispositive matter, and a magistrate judge may enter a transfer order. *See Butler v. Director*, No. 6:10cv528, 2010 WL 4789274 at *1-2 (E.D. Tex. Nov. 17, 2010); *Realtime Data v. Morgan Stanley*, No. 6:09cv326, 2010 WL 11433779 at *3 (E.D. Tex. June 21, 2010). A magistrate judge's order on a non-dispositive matter may be reviewed by the district judge if requested by party. 28 U.S.C. § 636(b)(1)(A).

Because the U.S. Magistrate Judge in the Eastern District had the authority to transfer the case to this district without Petitioner's consent, he has failed to present any intervening change in

law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment.

### III. RECOMMENDATION

Petitioner's motion should be construed as a Rule 59(e) motion and **DENIED**.

**SIGNED this 5th day of July, 2017.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE